UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEWOREWHAT, LLC, and ONIA, LLC,

                              Plaintiffs,

        -v-

CV COLLECTION, LLC, d/b/a The Great Eros,

                              Defendant.

---

CV COLLECTION, LLC d/b/a The Great Eros,

                              Plaintiff,

        -v-

WEWOREWHAT, LLC, ONIA, LLC, DANIELLE
BERNSTEIN, SAKS FIFTH AVENUE, INC.,
CARBON 38, INC., DOES 1–10 inclusive, and
BOP LLC,

                              Defendants.

20 Civ. 8623 (PAE)
21 Civ. 1623 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

       The Court has received the parties joint request to consolidate the two above-caption actions. No. 21 Civ. 1623, Dkt. 41 ("Ltr."). For the following reasons, the Court grants that request.

       Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Rule 42(a) thus "empowers a trial judge to consolidate actions for trial when there are common questions of law or fact," and where consolidation will avoid needless costs or delay. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Devlin v. Transp.*

*Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). "Typically, considerations of judicial economy favor consolidation, but 'the benefits of efficiency can never be purchased at the cost of fairness.'" *M & T Mortg. Corp. v. White*, No. 04 Civ. 4775 (WFK) (VVP), 2012 WL 715896, at *1 (E.D.N.Y. Feb. 14, 2012) (quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993)), *report and recommendation adopted*, 2012 WL 954651 (E.D.N.Y. Mar. 5, 2012). Before a Court orders consolidation, it must consider several factors and determine, *inter alia*, whether the gains in efficiency and economy are outweighed by the "risks of prejudice and possible confusion." *Johnson*, 899 F.2d at 1284.

Here, all parties seek consolidation, and consolidation is clearly merited. *See* Ltr. at 1. Both actions concern the same alleged infringement: The first, No. 20 Civ. 8623 (the "first action"), is a declaratory action brought by WeWoreWhat, LLC ("WWW") and Onia, LLC ("Onia") seeking a declaration that they have not infringed the intellectual property rights of CV Collection, LLC ("CV"). The second, No. 21 Civ. 1623 (the "second action"), is an infringement action brought by CV against WWW and Onia, along with other retailers of those defendants' products, accusing them of the same alleged infringement that spurred WWW and Onia to commence the first action. Although there are additional parties in the second action, all parties to the first action are also named in the second. They are, as discussed with at the initial pretrial conference in the first action, essentially mirror-image lawsuits. Because both actions involve the same copyright and Lanham Act issues, largely the same parties, and essentially the same facts, there are clearly common questions of law and fact, and consolidation will avoid needless costs and delay. And in light of the parties' joint request, the Court does not perceive any prejudice or confusion likely to arise from consolidation. In sum, all relevant factors support consolidation here. Accordingly, the Court consolidates these actions.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 41 in case number 21 Civ. 1623 and to consolidate the above-captioned cases. Going forward, the parties shall file all documents in case number 20 Civ. 8623.

The March 29, 2021 deadline for the parties to file a joint letter as to the proceedings in the now-consolidated cases remains in place.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 17, 2021
       New York, New York