

July 9, 2021

Susan Kayser
Susan.Kayser@klgates.com

T +1 212 536 3900
F +1 212 536 3901

By ECF

Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 1305
New York, New York 10007

Re:     *CV Collection, LLC d/b/a The Great Eros v. WeWoreWhat LLC, et al.* **Case No. 1:20-cv-08623-PAE consolidated with** *CV Collection, LLC d/b/a The Great Eros v. WeWoreWhat LLC, et al.*, **Case No. 1:21-cv-01623-PAE**

Hon. Paul A. Engelmayer,

Pursuant to Federal Rule of Civil Procedure 5.2, the Stipulated Confidentiality Agreement and Protective Order (Doc. No. 30, entered April 15, 2021) (the "Confidentiality Order"), this Court's Standing Order for Electronic Filing Under Seal in Civil and Miscellaneous Cases, and Your Honor's Individual Rules and Practices in Civil Cases, Declaratory Judgment Plaintiffs and Defendants WeWoreWhat, LLC ("WWW"), Onia, LLC ("Onia"), and Danielle Bernstein (collectively, "Defendants") respectfully request that this Court issue an order permitting Defendants to file under seal certain documents in relation to Defendant's reply brief in support of Defendants' pending Motion for Rule 11 Sanctions (Doc. No. 47), which is due Monday, July 12, 2021.

The documents subject to this request to seal (and to be referenced as part of the Defendant's reply) are attached to the contemporaneously-filed Declaration of Carl Cunow (the "Cunow Declaration") as Exhibits A and B.

Specifically, Exhibit A to the Cunow Declaration is a copy of Onia's inspiration deck (the "Inspiration Deck"), which contains the third party images that inspired the WWW Silhouettes Design. Exhibit B to the Cunow Declaration is a copy of the original hand sketches for the WWW Silhouettes Design created by Onia's designer (the "Original Hand Sketches") (the "Inspiration Deck" and the "Original Hand Sketches together, the "Subject Documents"). *See* Declaration of Carl Cunow, ¶¶ 5, 10.

Defendants wish to seal the Subject Documents because they (i) contain sensitive business information proprietary to Onia; (ii) are maintained as confidential in Onia's ordinary course of business; and (iii) have been designated Confidential - Attorneys' Eyes Only pursuant to the Confidentiality Order.

The Southern District of New York routinely permits the sealing of "trade secrets, confidential research, and development information, marketing plans, revenue information, pricing information, and the like." *Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, *5 (S.D.N.Y. March 31, 2021). This includes documents which contain "competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage.'" *Girls Scouts of United States of America v. Boy Scouts of America,* No. 18-CIV-10287, 2021 WL 76293, *1 (S.D.N.Y. Jan. 8, 2021) (quoting *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.,* 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018)). Whether the documents are maintained as confidential in the ordinary course of business is a factor when determining whether to enter a sealing order. *See id.* at *3.

This Court and the Parties previously recognized the potential for the sealing of certain documents in this action, including any "previously non-disclosed business plans, product-development information, marketing plans, marketing studies or other commercially sensitive nonpublic information." Confidentiality Order, ¶ 2(c). Nevertheless, any order to seal must be supported by the Court's "'specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Kewazinga Corp.,* 2021 WL 1222122, at *3 (quoting *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006)); *see also* Confidentiality Order, ¶ 11.

The Subject Documents are entirely Onia's confidential business documents showing examples of Onia's proprietary design and inspiration methodology and original drawings. Cunow Declaration ¶¶ 6-9, 11-15. For this reason and for the reasons discussed below, the Subject Documents were designated "Confidential - Attorney's Eyes Only" pursuant to the Court's Confidentiality Order.

The Inspiration Deck contains inspiration and market research in the form of designs, colors, prints, patterns, textures, materials, and shapes collected by Onia into a single presentation for exclusive internal use by Onia's designers to inspire Onia's spring 2020 collection. *Id.* at ¶ 6. The collection of these materials into a single inspiration portfolio is part of Onia's internal and confidential design process and provides private insight into how Onia develops and conceives of its unique designs. *Id.* at ¶ 7. Onia keeps its inspiration decks confidential as part of its ordinary course of business to protect its internal design methods, and the Inspiration Deck has never been publicly accessible. *Id.* at ¶ 8. Onia would be competitively disadvantaged by public disclosure of its confidential inspiration and design methodology. *Id.* at ¶ 9.

309718094.1

Likewise, the Original Hand Sketches are unique original proprietary drawings created by Onia's designer as part of Onia's internal confidential design process for the WWW Silhouettes Design. *Id.* at ¶ 11. Onia keeps its drafts and sketches confidential as part of its ordinary course of business to protect its internal design methods, and the Original Hand Sketches have never been publicly accessible. *Id.* at ¶ 12. 13. Onia would be competitively disadvantaged by public disclosure of the Original Hand Sketches because these sketches exhibit Onia's confidential design methodology. *Id.* at ¶ 13.

As part of its Reply due July 12, 2021, Defendants intend to reference and attach various documents that Defendants **do not** seek to file under seal, including metadata relating to the Subject Documents. Further, Defendants **do not** anticipate needing to file any part of their discussion of the Subject Documents under seal. Thus, Defendants' proposed sealing of the Subject Documents is narrowly tailored to protect Onia's confidential business interests. *See Kewazinga Corp.*, 2021 WL 1222122, at *3 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)); *see also* Confidentiality Order, ¶ 11.

Counsel for Defendants has asked Plaintiff's counsel whether they will oppose this letter motion. As of the time of the filings of this letter motion, Plaintiff's counsel has not responded. Declaration of Eric W. Lee, dated July 9, 2021 and filed contemporaneously herewith, ¶¶ 3, 4.

For all of the above reasons, Defendants seek an order permitting the filing of the Subject Documents under seal.

Defendants thank the Court in advance for its consideration of the requests herein.

Respectfully Submitted,

Counsel for the Parties:

*/s/ Susan M. Kayser*

Susan M. Kayser (SK 1096)
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901
susan.kayser@klgates.com

*Attorneys for WeWoreWhat, LLC, Onia, LLC, and Danielle Bernstein*

Granted. Defendants are directed, however, to file the submissions at dockets 55 through 58 in No. 21 Civ. 1623 in the lead case, No. 20 Civ. 8623.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

July 12, 2021

309718094.1